# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

PATRICK L. JOHNSON,

    Plaintiff,

v.                          CASE NO.  4:04cv394-RH/WCS

PUBLIX SUPER MARKETS, INC.,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

In this employment discrimination action, plaintiff challenges the termination of his employment at a grocery store. It is undisputed that plaintiff repeatedly ate food from the store's inventory and, in violation of store policy, did not have in his possession a receipt; indeed, it is undisputed that on at least some occasions, plaintiff had not yet paid for the food. So far as this record shows, no other employee of the store engaged in the same conduct without being fired. I grant the defendant's motion for summary judgment.

**I**

Plaintiff Patrick Johnson is African American. He accepted employment as a stock clerk at defendant Publix Supermarkets, Inc., in 1995. In 2000, Mr.

Johnson was injured on the job and made a worker's compensation claim.  In 2001, Mr. Johnson participated in a Title VII action against Publix.

Publix has a policy that allows employees to eat food taken from the store's inventory when appropriate (for example, during lunch periods or breaks) so long as they pay for the food in advance and have in their possession while eating, a receipt confirming that they have indeed paid as required.  In 2003, after having been transferred to a different store from the one at which he was working in 2000 and 2001, Mr. Johnson violated the pay-in-advance-and-get-a-receipt policy on a number of occasions by eating food before he paid for it.  Mr. Johnson says, though, that he always intended to pay for the food later, and that if he ever failed to do so, it was an oversight.

Specifically, in April 2003, Publix found Mr. Johnson eating food from the store for which he had not paid.  Videotape of the store showed Mr. Johnson appearing to secret the food in his clothing en route to the break area, but Mr. Johnson says he was simply trying to be discrete and not to publicize to his fellow employees that he was going on break or eating.  For summary judgment purposes, I accept as true Mr. Johnson's assertion that he intended to pay for the food.

Publix fired Mr. Johnson for taking and eating the food prior to paying for it in violation of store policy.  He knew this was the reason for the firing.

Mr. Johnson seeks recovery under Title VII of the Civil Rights Act of 1964,

as amended, on the ground that he was fired because of his race or in retaliation for having made prior complaints of racial discrimination. Mr. Johnson also asserts he was fired in retaliation for having filed a worker's compensation claim, and he seeks recovery under the anti-retaliation provisions of Florida worker's compensation statute. Publix has moved for summary judgment. Following oral argument and granting leave to both sides to file after argument any additional evidentiary material deemed relevant, the summary judgment motion is ripe for determination. I now grant the motion.

## II

A plaintiff in a Title VII case may satisfy his burden of proof through direct or circumstantial evidence.[1] When, as in the case at bar, a plaintiff bases his claim entirely on circumstantial evidence, the claim is subject to the familiar burden-shifting framework set forth in *McDonnell-Douglas v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See, e.g.*, *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999) (applying *McDonnell-Douglas* to discrimination claim); *Walker v. Mortham*, 158 F.3d 1177, 1183-85 (11th Cir. 1998) (same); *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999) (applying

---

[1] The analysis in this section of this order applies equally to Mr. Johnson's Title VII claims and to his claims under the Florida Civil Rights Act. For convenience, this order consistently refers only to the Title VII claims, without separately noting that the same analysis also applies in every instance to the Florida Civil Rights Act claims.

*McDonnell-Douglas* analysis to retaliation claim); *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162-63 (11th Cir. 1993) (same). Under that framework, the plaintiff has the initial burden of establishing a prima facie case; if plaintiff does so, the burden shifts to defendant to articulate a legitimate nondiscriminatory reason for its action; and if defendant meets that burden, the burden is on plaintiff to establish that the proffered reason is pretextual and that plaintiff was the victim of discrimination or retaliation.

Mr. Johnson falls short at every stage of this analysis. He has not established a prima facie case of either discrimination or retaliation; Publix has articulated a legitimate nondiscriminatory basis for his termination; and Mr. Johnson has not shown the explanation pretextual. The critical fact at every stage of the analysis is that Mr. Johnson repeatedly, deliberately, and admittedly violated Publix's pay-in-advance-and-get-a-receipt policy, and no other employee engaged in similar conduct without being fired.

**A**

In order to establish a prima facie case in a Title VII discipline case, a plaintiff must establish that he was a member of a protected class, that he suffered an adverse employment action, and that persons outside the protected class were treated more favorably in comparable circumstances. *See, e.g.*, *Cuddeback v. Florida Bd. of Educ.*, 381 F.3d 1230, 1235-36 (11th Cir. 2004); *Holifield v. Reno*,

115 F.3d 1555, 1562 (11th Cir.1997); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir.1984); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973).  The parties do not dispute that Mr. Johnson is African American and that he was fired; he thus has established the first two elements of a prima facie case.  The parties disagree, however, on whether Mr. Johnson was treated less favorably than similarly situated white employees.

The Eleventh Circuit has said that for these purposes, "[t]he comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer."  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) (citing *Silvera v. Orange Cty. Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir.2001)).  "In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways."  *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir.), *opinion modified by* 151 F.3d 1321 (1998) (*quoting Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997)); *see also Maniccia v. Brown*, 171 F.3d 1364 (11th Cir. 1999) (holding comparators not "similarly situated").

In the case at bar, Mr. Johnson has identified no employee who engaged in

the same conduct but was not fired. It may be, as Mr. Johnson asserts, that he intended to pay for his food, and that firing an employee for not paying in advance is overly harsh. But determining the seriousness of this offense and the appropriate discipline is the function of management, not the function of a federal judge or jury. Publix may fire employees for violating its pay-in-advance-and-get-a-receipt policy if it chooses to do so, so long as it draws no distinction among employees based on race, gender, prior filing of discrimination complaints, or other prohibited characteristics.

To be sure, Mr. Johnson points to a Publix employee, Chris Thompson, who he says engaged in similar misconduct but was disciplined less harshly. Mr. Thompson, a manager, used a credit card to pay for a number of items needed in connection with an upcoming grand opening of a new store. He submitted a claim for reimbursement that included, among the many properly reimbursable business expenditures, a single personal DVD. Mr. Thompson's supervisor thought the error an oversight but nonetheless imposed discipline—albeit not termination—because he concluded a manager should have been more careful. *See* Thomas Aff., doc. 41 ex. A.

Far from supporting Mr. Johnson's claim of discrimination, the fact that Mr. Thompson was disciplined for an apparently inadvertent violation is wholly consistent with the view that Publix does indeed take very seriously matters of this

general type. Of critical importance here, however, is that eating food without paying in advance is a different offense from seeking reimbursement under these circumstances. And repeated, apparently deliberate violations of a rule (as Mr. Johnson has acknowledged) are different from a single, apparently inadvertent, violation. Title VII does not mandate that Publix treat one of these offenses the same as the other.

Because Mr. Johnson has not established that any similarly situated employee was treated more favorably, he has not made out a prima facie case of disparate treatment.

**B**

In order to establish a prima facie case on a Title VII retaliation claim, a plaintiff must show that he engaged in statutorily protected expression, that he suffered an adverse employment action, and that the adverse action was causally related to the protected expression. *See Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (citing *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260 (11th Cir. 2001); *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir.1998)).

Mr. Johnson participated in an earlier Title VII action against Publix, and he was fired, thus meeting the first two elements. But Mr. Johnson cannot make out

the required causal connection. Store Manager William Curry, who fired Mr. Johnson, was not aware of Mr. Johnson's involvement in the lawsuit. *See* Curry aff., doc. 33 attach. 13. A manager who is unaware of an employee's protected conduct obviously cannot retaliate against the employee based on that conduct. *See Raney v. Vinson Guard Service, Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997) ("a plaintiff must, at a minimum, generally establish that the defendant was actually aware of the protected expression at the time the defendant took adverse employment action").

It is true, of course, that in appropriate circumstances, temporal proximity between an employee's complaint and the alleged adverse employment action may give rise to an inference of retaliation. *See Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (citing *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1337 (11th Cir. 1999)). Such an inference cannot be drawn, however, in the face of the undisputed evidence in this case. First, the lawsuit in which plaintiff was involved settled in 2001, long prior to Mr. Johnson's termination.[2] Second, the reason for Mr. Johnson's firing—his admitted violations of company policy—had nothing to do with the earlier lawsuit. And third, the manager who did the firing

---

[2] To be sure, Mr. Johnson apparently received in 2003 proceeds from the settlement reached in 2001. It seems unlikely, however, that an employer who settled a case in 2001 would suddenly discovery a motive to retaliate when a long-expected payment was made in 2003.

*Case No: 4:04cv394-RH/WCS*

was not even aware of the lawsuit.

In sum, Mr. Johnson has not established a prima facie case of retaliation for having participated in the earlier Title VII action.

### C

Even if Mr. Johnson had established a prima facie case on either of his Title VII claims, he still could not prevail.  Publix has conclusively established that Mr. Johnson was fired for a legitimate, nondiscriminatory reason: his repeated, and apparently deliberate, violation of the pay-in-advance-and-get-a-receipt policy.  Mr. Johnson has offered no evidence that his termination for violating that policy was pretextual.  Summary judgment will be granted for Publix on the Title VII claims.

### III

Mr. Johnson also cannot prevail on his state law worker's compensation claim.  In *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950-51 (11th Cir. 2000), the Eleventh Circuit held that a claim of retaliation in violation of the Florida whistle-blower statute was governed by the same analysis as federal Title VII retaliation claims.  If the same is true under the Florida worker's compensation statute, then the framework set forth above with respect to Mr. Johnson's Title VII retaliation claim is equally applicable here.

The Eleventh Circuit also concluded in *Sierminski* that the result would be

the same under any other standard that might be applied.  The same is true here.  On any view, a necessary element of Mr. Johnson's worker's compensation retaliation claim is that the fact that he had filed such a claim had some bearing on the decision to terminate him.  In fact, the filing of the worker's compensation claim had nothing to do with it.  Mr. Johnson made his worker's compensation claim in 2000, long before he was fired.  He was fired for the legitimate, nondiscriminatory reason that he repeatedly violated store policy, not for anything related to his worker's compensation claim.

## IV

For these reasons,

IT IS ORDERED:

Defendant's motion for summary judgment (document 30) is GRANTED.  The clerk shall enter judgment stating, "Plaintiff's claims are dismissed with prejudice."  The clerk shall close the file.

SO ORDERED this 7th day of August, 2005.

s/Robert L. Hinkle  
Chief United States District Judge
